**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LEONARD TERRY, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: 1:21-cv-49 |
| | ) |
| | ) |
| SMITHFIELD DISTRIBUTION, LLC, | ) |
| | ) |
|         Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Leonard Terry ("Terry"), hereby files this lawsuit against Defendant, Smithfield Distribution, LLC, ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

### PARTIES

2.      Plaintiff has resided within the Southern District of Indiana at all relevant times.

3.      Defendant operates and conducts business in the Southern District of Indiana.

### JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1988.

5.      Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7.      Plaintiff satisfied his obligations to exhaust his administrative remedies, having timely filed two Charges of Discrimination with the Equal Employment Opportunity Commission.  He received his "Dismissal and Notice of Rights" on both his original and

subsequent Charge and now timely files his lawsuit within ninety (90) days after receipt of said Notice.

8.      Venue is proper in this Court under 28 U.S.C. § 1931(b)(1).

## FACTUAL ALLEGATIONS

9.      Terry is black and is of the Hebrew Israelite faith.

10.     Terry began his employment with Defendant on or about April 4, 2016.

11.     At all relevant times, Terry met or exceeded Defendant's legitimate performance expectations.

12.     From approximately April of 2017 until September 19, 2020, Terry held the position of Team Lead.  On September 19, 2020, he was demoted by Defendant to the position of Material Handler.  This demotion resulted in a pay cut of $3.00 per hour.

13.      In 2019, Terry made multiple requests to Defendant's Operations Manager, Matthew Zambrano ("Zambrano") that Defendant offer foods other than pork in the cafeteria. Zambrano eventually asked Terry if there was a reason Terry wanted food other than pork offered in the cafeteria.  It was at that time that Terry first informed Zambrano of his religion.

14.     After informing Defendant of his religious faith, Terry began to notice that he was being treated differently by Defendant, particularly after Terry wore his kippah to work.

15.      In July of 2020, one of Terry's subordinates had an accident involving a fork lift. Terry was asked to provide a statement regarding the incident.  Terry explained to Defendant that he had not witnessed the incident and had no firsthand knowledge.  As such, Terry did not provide a statement.

16.     On or about September 19, 2020, while at work, Terry accidentally dropped his company issued cell phone.  Not realizing his phone had dropped out of his pocket, Terry then

got on his lift and drove over the phone.  Immediately after realizing what had happened, Terry

went to his supervisor to file a report regarding the damage.

17.     On or about September 19, 2020, Terry was called into a meeting with Zambrano

and Defendant's General Manager, Brent Hinton.  In the meeting, Terry was presented with a

Progressive Discipline Notice and told that if he did not sign the discipline right then, he would

be fired.  Terry was given a Final Warning for "Falsification/Dishonesty/Theft" for the damage

to his cell phone.  He was also told that he was being demoted from a Team Lead to a Material

Handler.  The Progressive Discipline Notice also made reference to an incident on July 11, 2020,

wherein Defendant alleged that Terry had "been dishonest in how you represented yourself..."

Terry believed Defendant was referring to the incident regarding the fork lift accident that Terry

was not involved in and did not witness.

18.      Defendant failed to follow its progressive discipline policy with respect to Terry

and jumped immediately from a verbal warning (for conduct unrelated to Terry) to a final written

warning for Terry accidentally dropping and breaking his cell phone, despite Terry immediately

reporting the damage.  Terry's similarly situated white and/or non Hebrew Israelite co-workers

have been afforded progressive discipline by Defendant.

19.     On or about September 24, 2020, Terry filed a Charge of Discrimination with the

EEOC alleging that Defendant was discriminating against Terry on the basis of his race and

religion.  A courtesy copy of Terry's Charge was provided to Defendant via email on September

24, 2020.

20.     After receiving notice of Plaintiff's EEOC Charge of Discrimination, the

discrimination intensified, and Defendant began retaliating against Terry.

21.     On or about October 27, 2020, Terry reported the retaliatory and discriminatory

behavior to Defendant's HR department and indicated that he believed he was being targeted in retaliation for the filing of his EEOC Charge.

22.     On November 12, 2020, Terry was called into a conference room to meet with 2 members of Defendant's  HR department and its Operations Manager.  In the meeting, Terry was asked why he was 18 minutes late returning from his lunch the day prior.  Terry informed Defendant that he had recently started a new diet and as a result had to use the restroom more frequently, causing him to run over on his lunch break.  Defendant then informed Terry that he was being suspended pending an investigation and escorted Terry from the premises.

23.      On November 17, 2020, Terry received a phone call from Defendant informing him that his employment was terminated.

24.     Defendant's adverse actions towards Terry are discriminatory and retaliatory and based on his religion and/or race and/or engagement in protected conduct.

25.     Terry's similarly situated co-workers who are not black, and/or Hebrew Israelite, and/or who have not engaged in protected conduct have been treated more favorably than Terry.

## COUNT I

## TITLE VII – RACE DISCRIMINATION

26.     Plaintiff hereby incorporates paragraphs 1-25 of his Complaint.

27.     Defendant took adverse employment actions against Terry due to his race.

28.     Other, similarly situated employees who are not black were treated more favorably than Terry and were not subjected to the same adverse employment actions as Terry.

29.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Terry's rights as protected by Title VII.

30.     Terry has been injured as a result of Defendant's unlawful actions.

## COUNT II

## TITLE VII – RACE RETALIATION

31.     Plaintiff hereby incorporates paragraphs 1-30 of his Complaint.

32.     Terry engaged in protected activity under Title VII, including filing a Charge of Discrimination with the EEOC.

33.     Defendant retaliated against Terry because of his protected activity.

34.     Defendant's actions were intentional, willful, and done in reckless disregard of Terry's rights as protected by Title VII.

35.      Terry has been injured as a result of Defendant's unlawful actions.

## COUNT III

## TITLE VII – RELIGIOUS DISCRIMINATION

36.     Terry hereby incorporates paragraphs 1-35 of his Complaint.

37.     Defendant took adverse employment actions against Terry due to his religion.

38.     Other, similarly situated employees who are not of the Hebrew Israelite faith were treated more favorably than Terry and were not subjected to the same adverse employment actions as Terry.

39.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Terry's rights as protected by Title VII.

40.     Terry has been injured as a result of Defendant's unlawful actions.

## COUNT IV

## TITLE VII – RELIGIOUS RETALIATION

41.     Terry hereby incorporates paragraphs 1-40 of his Complaint.

42.     Terry engaged in protected activity under Title VII, including but not limited to filing a Charge of Discrimination with the EEOC.

43.     Defendant retaliated against Terry because of his protected activity.

44.      Defendant's actions were intentional, willful, and done in reckless disregard of Terry's rights as protected by Title VII.

45.      Terry has been injured as a result of Defendant's unlawful actions.

## COUNT V

## SECTION 1981 – RACE DISCRIMINATION

46.     Terry hereby incorporates paragraphs 1-45 of his Complaint.

47.     Defendant took adverse employment actions against Terry due to his race.

48.     Other similarly situated employees who are not black were treated more favorably than Terry and were not subjected to the same adverse employment actions as Terry.

49.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Terry's rights as protected by Section 1981.

50.     Terry has been injured as a result of Defendant's unlawful actions.

## COUNT VI

## SECTION 1981 – RACE RETALIATION

51.     Terry hereby incorporates paragraphs 1-50 of his Complaint.

52.     Terry engaged in protected activity under Section 1981, including, but not limited to, filing a Charge of Discrimination with the EEOC.

53.     Defendant retaliated against Terry because of his protected activity.

54.      Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Terry's rights as protected by Section 1981.

55.     Terry has been injured as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Leonard Terry, by counsel, respectfully requests that this Court find for him and order that:

1.     Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2.     Defendant pay lost wages and benefits to Plaintiff;

3.     Defendant pay compensatory and punitive damages to Plaintiff;

4.     Defendant pay pre- and post-judgment interest to Plaintiff;

5.     Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6.     Defendant pays to Plaintiff any and other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41B
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317) 955-9500
Facsimile:     (317) 955-2570
Email:         jhaskin@jhaskinlaw.com
               ndickey@jhaskinlaw.com
Attorneys for Plaintiff
Leonard Terry

## DEMAND FOR JURY TRIAL

Plaintiff, Leonard Terry, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41B
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:      (317) 955-9500
Facsimile:      (317) 955-2570
Email:          jhaskin@jhaskinlaw.com
                ndickey@jhaskinlaw.com
Attorneys for Plaintiff
Leonard Terry